IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMUEL C. PEREZ, JR.<br>Plaintiff,<br>v.<br><br>TRI STATE AUTO MALL, INC.<br>AUTO PALACE INC.,<br>TEACHERS FEDERAL CREDIT UNION<br>Defendants | Case No. 10 2389<br><br>ORIGINAL COMPLAINT AND<br>JURY DEMAND<br><br>AMON, J.<br>ORENSTEIN, M.J. |

Plaintiff, SAMUEL C. PEREZ, JR. brings suit against Defendant Tri State Auto Mall, Inc., Auto Palace, Inc, and Teachers Federal Credit Union for violations of the Truth In Lending Act, 15 USC § 1601, *et seq*, the Fair Credit Reporting Act, 15 USC § 1691, *et seq.*, the Equal Credit Opportunity Act, 15 USC §§ 1691–1691f, the NY Uniform Commercial Code, the NY deceptive trade practices act, and for related claims.

## A. JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over the lawsuit under the Truth In Lending Act pursuant to 15 USC § 1640(e); the Fair Credit Reporting Act pursuant to 15 USC § 1681p; the Equal Credit Opportunity Act pursuant to 15 USC § 1698e(f); the Truth In Lending Act, 15 USC § 1601; and under 28 USC § 1331 in that this dispute involves predominant issues of federal law. Declaratory relief is available pursuant to 28 USC § 2201 and 2202. The court has supplemental jurisdiction under 28 USC §1367 over Plaintiff's claims state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

2. Venue in this District is proper because all or a substantial part of the events or omissions

giving rise to Plaintiff's claims occurred in Queens County, New York.

3.   Plaintiff is an individual who resides in Queens County, New York.

4.   Defendant Tri State Auto Mall, Inc. is a corporation organized under the laws of the State of New York with its principal office at 190-11 Northern Blvd., Flushing, NY 11358. It may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

5.   Defendant Auto Palace Inc. is a corporation organized under the laws of the State of New York with its principal office at 53-21 Northern Blvd., Woodside, NY 11377. It may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

6.   Defendant Teachers Federal Credit Union is a corporation organized under the laws of the State of New York with its principal office at 2410 North Ocean Ave., Farmingville, NY 11739. It may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

### B. STATEMENT OF FACTS

7.   In January 2010 plaintiff went to Defendant Auto Palace Inc. seeking to purchase a 2005 BMW X5 to trade in a 2005 Audi A4, and to have paid off the balance of the note on the Audi.

8.   Auto Palace represented that the interest rate for the loan would be 8.49%, but that the interest rate would drop to 6% after the first six payments. In order to get the quoted interest rate, Auto Palace stated that plaintiff was required to purchase a $3,000 warranty. Auto Palace also

represented that it would pay off the balance of the note on the Audi.

9. Based on the affirmative representations of Auto Palace, plaintiff gave Auto Palace a check for $1,000, gave Auto Palace the Audi, and took possession of BMW.

10. On information and belief, Auto Palace never obtained a warranty, but instead simply inflated the sales price of the BMW X5 by $3,000 and pocketed the difference.

11. Auto Palace did not provide plaintiff with the statutorily required disclosures. It did not provide plaintiff with an odometer disclosure statement. It did not provide plaintiff with a certificate of merchantability as required by NY Vehicle and Traffic Law § 417.

12. Auto Palace did not provide plaintiff with title to the BMW, preventing plaintiff from being able to register and legally drive the vehicle.

13. Auto Palace did not pay off the trade in despite taking and retaining possession of the trade in. The lien holder for the trade in continued to demand from plaintiff the monthly payments for the trade in.

14. When plaintiff asked Auto Palace why the Audi had not been paid off and why he was not able to register the vehicle, Auto Palace directed plaintiff to speak with employees of another dealership, defendant Tri State Auto. Plaintiff has never been at the Tri State Auto dealership.

15. Auto Palace and Tri State were a joint venture in relation to the sale of the BMW to plaintiff, and were acting as agents for one another. Therefore, Auto Palace and Tri State are jointly and severally liable for the acts of each other.

16.  The BMW was not merchantable. The vehicle had undisclosed accident damage. The sun roof of the vehicle leaks. Plaintiff brought the vehicle back to the Auto Palace to be repaired, but they were unable to repair the leaking. A vehicle that cannot be driven in the rain (or even be left outside in the rain) is not merchantable.

17.  On information and belief Auto Palace knew the BMW had prior accident damages but withheld that information to attempt to induce plaintiff to purchase the vehicle.

18.  Plaintiff received correspondence from defendant Teachers Federal Credit Union "welcoming" him to the credit union and demanding payment for the BMW. Plaintiff had no dealings with the credit union, never applied for membership with the credit union, and never entered into a loan agreement with the credit union. Plaintiff is not even eligible for membership at the credit union, as far as he is aware.

19.  The monthly payments demanded by the credit union were greater than Auto Palace told plaintiff the payments would be.

20.  On April 6, 2010 plaintiff returned the BMW to Auto Palace and gave them the keys. Plaintiff provided the dealership written confirmation that he was exercising his rights under the uniform commercial code to revoke acceptance. Plaintiff, through his undersigned counsel, made an unequivocal demand for the return of the Audi, and return of the down payment.

21.  Auto Palace and/or Tri State are retaining possession of both the BMW and the Audi. (While plaintiff gave Auto Palace possession of the Audi and subsequently returned the BMW to Auto Palace, counsel for Tri State has stated that Tri State has possession of both vehicles.)

Auto Palace and/or Tri State have refused repeated demands for the unconditional return of the Audi and, as such, have converted said vehicle.

22. Ultimately, Teachers Federal Credit Union provide plaintiff's counsel a copy of the contract it contended plaintiff entered into with the credit union for the sale of the BMW and the trade in of the Audi, and a copy of the purported credit application. The credit union claimed it had received the purported credit application and the contract from Tri State.

23. Plaintiff's counsel unequivocally informed the credit union that plaintiff in fact did not sign the alleged contract and had never seen the purported agreement prior to it being provided to plaintiff's counsel. Further, plaintiff's counsel informed the credit union that plaintiff never signed the purported credit application, that the income claimed on the credit application was substantially inflated, and that the plaintiff did not worship in Suffolk county, the apparent basis for membership with the credit union. Teachers Federal Credit Union contended it was provided this (false) information by Tri State.

24. Despite receiving actual notice that the purported contract was fraudulent, Teachers Federal Credit Union continued to demand payment, and continues to do so as of the date of the filing of this complaint. Therefore, Teachers Federal Credit Union has fully ratified the fraudulent acts Auto Palace and Tri State.

25. Incredibly, on April 21, 2010 Tri State pulled plaintiff's credit report. Tri State had no permissible purpose to obtain plaintiff's personal information at that time. Tri State pulled plaintiff's credit report nearly three months after the date it asserts plaintiff consummated an

5

enforceable contract, and more than two weeks after plaintiff formally revoked acceptance an returned possession of the BMW.

26. Plaintiff made a "request," a "request for accounting," and a "request regarding a statement of account" pursuant to NY UCC § 9-210(b) – (e) to Auto Palace, Tri State and Teachers Federal Credit Union regarding both the BMW and the Audi. Auto Palace, Tri State and Teachers Federal Credit Union were each required to provide specific written responses as to the interest each claimed in either the BMW or the Audi, the basis of the assertion, and an accounting of the purported unpaid obligations. The written response must be sent within 14 days of receiving the demand from the consumer, here April 6, 2010. Auto Palace, Tri State and Teachers Federal Credit Union each failed to comply with its statutory requirements in the manner or within the time required by law.

27. At no time did Auto Palace, Tri State or Teachers Federal Credit Union provide plaintiff an adverse action notice as required by the Equal Credit Opportunity Act.

## C. Count 1—Violations of the Fair Credit Reporting Act

28. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs as though set forth fully and at length herein.

29. Plaintiff restates and reiterates herein all previous paragraphs.

30. Plaintiff is a "consumer," as defined by the FCRA, 15 USC § 1681a(c).

31. Tri State is a "person," as defined by the FCRA, USC § 1681a(b).

### a. Impermissible credit pull.

32. Tri State obtained information regarding plaintiff from "consumer reporting agency," as defined by the FCRA, 15 USC § 1681a(f). A "consumer reporting agency" is commonly known as a "credit reporting agency" (and this complaint will use the terms interchangeably) and includes, without limitation, such companies as Experian, Equifax and TransUnion.

33. Tri State obtained documents (whether in written or electronic form) from one or more credit reporting agencies regarding plaintiff, and said documents are "consumer report[s]," as defined by the FCRA, 15 USC § 1681a(d). A "consumer report" is commonly known as a "credit report," and this complaint will use the terms interchangeably.

34. Tri State requested, obtained, used and/or disseminated the consumer reports of plaintiff, or information contained therein, without any of the permissible purposes or uses enumerated in the FCRA, 15 USC § 1681b.

35. At no time applicable to this complaint did Tri State receive the written instructions of the plaintiff to request his consumer report under 15 USC § 1681b(a)(2). In the alternative, any written instruction expired or was revoked on the date of the purported consummation of the retail installment agreement, or, at the very latest, when plaintiff confirmed his rejection/revocation of acceptance on April 6, 2010 by returning the BMW and making an unconditional demand for return of the Audi.

### b. FCRA remedies.

36. Tri State's actions were intentional and willful.

37. Pursuant to 15 USC § 1681n, any natural person who obtains a consumer report under false pretenses or knowingly without a permissible purpose under 15 USC § 1681b is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or $1,000.00, whichever is greater; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 USC § 1681n, the costs of the action together with reasonable attorneys' fees. As a result of Tri State's request and receipt of a consumer report under false pretenses or knowingly without a permissible purpose, Tri State is liable to the plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of the failure or $1,000.00, whichever is greater; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

38. Pursuant to 15 USC § 1681q and 15 USC § 1681n, any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 USC § 1681n, the costs of the action together with reasonable attorneys' fees. As a result of Tri State's knowing and willful request and receipt of information regarding the plaintiff from a consumer reporting agency under false pretenses, Tri State is liable to the plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive

damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

39. Pursuant to 15 USC § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 USC § 1681n, the costs of the action together with reasonable attorneys' fees. As a result of Tri State's willful failure to comply with the FCRA, Tri State are liable to the plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

40. In the alternative, Tri State's actions were negligent.

41. Pursuant to 15 USC § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 USC § 1681o, the costs of the action together with reasonable attorneys' fees. As a result of Tri State's negligent failure to comply with the FCRA, Tri State is liable to the plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of said failure and (ii)

the costs of this action together with reasonable attorneys' fees.

### D. Count 2—Breaches of warranty

42. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs as though set forth fully and at length herein.

43. Auto Palace/ Tri State breached the implied warranty of merchantability. The BMW was not in merchantable condition when (purportedly) sold, or at any time thereafter. The BMW would not pass without objection in the trade as an undamaged car and was not fit for the ordinary purposes for which a 2005 BMW X5 is used.

44. Plaintiff relied on the skill and judgment of Auto Palace/ Tri State to select or furnish suitable goods, and Auto Palace/ Tri State knew or had reason to know that plaintiff was so relying.

45. Plaintiff notified Auto Palace and Tri State of the defects in the goods a reasonable time after plaintiff discovered the breach.

46. Nonconformities in the vehicle substantially impair its value to plaintiff, who did not know of these nonconformities or undisclosed damage prior to purchase and was misled by the assurances of Auto Palace/ Tri State.

47. Although plaintiff revoked his acceptance of the vehicle by letter dated April 6, 2010, and tendered delivery of the vehicle at that time, Auto Palace, Tri State and Teachers Federal Credit Union has failed and refused to honor plaintiff's rejection/revocation of acceptance, in violation of NY UCC § 2-608.

48. The failure of Auto Palace, Tri State and Teachers Federal Credit Union to honor plaintiff's revocation of acceptance, and the breach of the implied warranty of merchantability, violates the Magnuson-Moss Warranty Act, 15 USC § 2301 et seq., and, in particular, 15 USC § 2310, as a direct and proximate result of which plaintiff sustained the losses and damages.

49. WHEREFORE, plaintiff demands judgment against Auto Palace, Tri State and Teachers Federal Credit Union for actual damages and attorneys fees and costs. Plaintiff further seeks rejection/revocation of acceptance, or, in the alternative, rescission of the purported contract for the sale of the BMW and the trade in of the Audi.

### E. Count 3—Violations of the Truth in Lending Act and Regulation Z

50. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs as though set forth fully and at length herein.

51. Tri State, Auto Palace and Teachers Federal Credit Union regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

52. Tri State, Auto Palace and Teachers Federal Credit Union are each creditor within the meaning of the TILA, 15 USC § 1602(f) and Reg Z § 226.2(a)(17).

53. The purported contract lists a motor vehicle, an article of personal property, as collateral.

54. The purported contract is a written agreement payable in more than four installments.

55. The purported contract is a consumer credit transaction within the meaning of the TILA,

15 USC § 1602, and Reg Z § 226.2.

56. The finance charge indicated on the purported contract exceeds $1,000.

57. Prior to the purported consummation of the contract, plaintiff was not provided with the TILA disclosures in a form that the consumer may keep.

58. Plaintiff was not provided disclosures that not conform with the obligations under the TILA and Regulation Z.

59. Plaintiff was told that in order to obtain a certain percentage rate that he was required to spend an additional $3,000 for a purported warranty. Therefore the cost for the purported warranty should have been disclosed as a finance charge as it was a cost of being able to get the quoted interest rate.

60. Tri State, Auto Palace and Teachers Federal Credit Union violated 15 USC § 1638(a) and Reg Z § 226.18.

61. Tri State, Auto Palace and Teachers Federal Credit Union violated 15 USC § 1638(b) and Reg Z § 226.17(b).

62. WHEREFORE, Plaintiff demands entry of judgment against Tri State, Auto Palace and Teachers Federal Credit Union for violating the Truth In Lending Act and Regulation Z, pursuant to 15 USC § 1640(a); statutory damages, costs and reasonable attorneys' fees; rejection/revocation of acceptance, or rescission of the purported sale of the BMW and trade in of the Audi; voiding, as necessary, and claimed security interests in the Audi and the BMW; and

all equitable relief to which plaintiff may be justly entitled; and such other and further relief as this Court deems appropriate.

### F. Count 4—Conversion

63. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs as though set forth fully and at length herein.

64. Tri State and/or Auto Palace have unlawfully retained possession of plaintiff's Audi, an items of chattel.

65. Plaintiff demanded Tri State and Auto Palace deliver the chattel and the they have refused to do so. Tri State and Auto Palace have ever since wrongfully detained and converted the Audi. Tri State and/or Auto Palace has and continues to exercise wrongful dominion and control over said chattel, or has allowed others to exercise wrongful dominion and control over said the Audi.

66. By reason Tri State and Auto Palace's wrongful detention and conversion of the chattel, plaintiff has sustained damages.

67. WHEREFORE, Plaintiff demands entry of judgment against Tri State and Auto Palace for actual, exemplary and punitive damages, and attorney's fees and costs.

### G. Count 5—Deceptive Trace Practices, N.Y. Gen. Bus. Law § 349(h).

68. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs as though set forth fully and at length herein.

13

69. Tri State, Auto Palace and Teachers Federal Credit Union committed deceptive acts or practices within the meaning of N.Y. Gen. Bus. Law § 349(a).

70. Plaintiff is a person within the meaning of N.Y. Gen. Bus. Law § 349(h) who has been injured by reason of the deceptive acts or practices of Tri State, Auto Palace and Teachers Federal Credit Union.

71. Plaintiff brings suit pursuant to N.Y. Gen. Bus. Law § 349(h).

72. Plaintiff seeks to enjoin the deceptive acts or practices of Tri State, Auto Palace and Teachers Federal Credit Union. Plaintiff has no adequate remedy at law.

73. WHEREFORE, Plaintiff demands entry of judgment against Tri State, Auto Palace and Teachers Federal Credit Union are for actual, treble, exemplary and punitive damages, attorney's fees and costs and injunctive relief. Plaintiff further seeks rejection/ revocation of acceptance or, in the alternative, rescission of the purported contract for the sale of the BMW and the trade-in of the Audi.

### H. COUNT 6: Violations of the Equal Credit Opportunity Act

74. Plaintiff restates and reiterates herein all previous paragraphs.

75. Plaintiff is an applicant, as defined by the ECOA, 15 USC § 1591a(b), and Reg B § 202.2(e).

76. Tri State, Auto Palace and Teachers Federal Credit are each creditor, as defined by ECOA, 15 USC § 1591a(e), and Reg B § 202.2(l).

77. On information and belief, a completed application (or purported application) for credit within the meaning of the ECOA and as defined by Reg B § 202.2(f) was submitted to Tri State, Auto Palace and/or Teachers Federal Credit.

78. Tri State, Auto Palace and Teachers Federal Credit each acted on more than 150 credit applications during calendar year 2009.

79. Tri State, Auto Palace and Teachers Federal Credit each acted on more than 150 retail installment sales contracts during calendar year 2009.

80. The failure of Tri State, Auto Palace and Teachers Federal Credit to extend credit was an "adverse action" within the meaning of ECOA, 15 USC § 1691(d).

81. Tri State, Auto Palace and Teachers Federal Credit each failed to provide the notice of adverse action required by ECOA, 15 USC § 1691(d). The failure to provide the notice was intentional or, in the alternative, negligent.

82. WHEREFORE, Plaintiff demands entry of judgment against Tri State, Auto Palace and Teachers Federal Credit for actual damages, punitive damages of up to $10,000, and reasonable attorney's fees and costs under 15 USC § 1691e. Plaintiff may also obtain equitable and declaratory relief pursuant to 15 USC § 1691e.

### I. Count 7—Violations of the NY Uniform Commercial Code

83. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs as though set forth fully and at length herein.

84. On April 6, 2010 plaintiff made a "request," a "request for accounting," a "request regarding a statement of account" within the meaning of the NY UCC § 9-210 to Auto Palace, Tri State and Teachers Federal Credit Union regarding both the BMW and the Audi.

85. Pursuant to NY UCC § 9-210(b) – (e), Auto Palace, Tri State and Teachers Federal Credit Union were each required to provide specific responses as to the interest each claimed in either the BMW or the Audi, and the basis of the assertion, within 14 days of receiving the written demand.

86. Auto Palace, Tri State and Teachers Federal Credit Union each failed to comply with its statutory requirements in the manner or within the time required by law.

87. WHEREFORE, Plaintiff demands entry of judgment against Auto Palace, Tri State and Teachers Federal Credit Union for actual and statutory damages pursuant to NY UCC § 9-625.

### J. Count 8—Fraud

88. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs as though set forth fully and at length herein.

89. Auto Palace/ Tri State made material and false representations When Auto Palace/ Tri State made the representations, it knew them to be false, or made the representations recklessly, as a positive assertion, and without knowledge of its truth. Auto Palace/ Tri State made the representations with the intent that they be relied upon. The representations were in fact relied upon, damaging plaintiff. Plaintiff seeks actual, exemplary and punitive damages for these acts.

90. Teachers Federal Credit Union ratified the fraudulent acts of Auto Palace and Tri State by

retaining the fruits of the fraud of Auto Palace and Tri State.

91. WHEREFORE, Plaintiff demands entry of judgment against Auto Palace, Tri State and Teachers Federal Credit Union for actual and statutory damages, exemplary and punitive damages, attorney's fees and costs and injunctive relief. Plaintiff seeks rejection/revocation of acceptance, or rescission, of the purported sale of the BMW and trade in of the Audi

## K. ATTORNEY'S FEES

92. Plaintiff seeks reasonable attorney's fees and costs.

## L. JURY DEMAND

93. Plaintiff demands trial by jury.

## M. PRAYER

94. For these reasons, Plaintiff demands judgment against Tri State Auto Mall, Inc., Auto Palace, Inc. and Teachers Federal Credit Union for the following:.

   i. The above referenced relief requested;
   ii. Rejection/revocation of acceptance of the purported contract for the sale of BMW and the trade in of the Audi, or, in the alternative, rescission of the purported contract.
   iii. Actual damages;
   iv. Statutory damages;
   v. Treble, exemplary and punitive damages;
   vi. Attorney fees and expenses;

Last printed 5/26/2010 10:44:00 AM

vii. Costs of court;

viii. Prejudgment and post-judgment interest as allowed by law;

ix. Costs of suit;

x. General relief;

xi. An injunction preventing Defendant from engaging in similar unlawful conduct now and in the future;

xii. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Respectfully submitted,
/s/
Ahmad Keshavarz
Attorney for Plaintiff

State of NEW YORK Bar Number: 24012957

THE LAW OFFICES OF AHMAD KESHAVARZ
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
    Phone: (718) 522-7900
    Fax:   (877) 496-7809 (toll-free)
    Email: ahmad@NewYorkConsumerAttorney.com